**FILED**

JUL 0 3 2003

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

DELORES GUTIERREZ,

        Plaintiff,

    v.

RWD TECHNOLOGIES, INC., and
DOES 1 through 50, inclusive,

        Defendants.

NO. CIV. S-03-0656 WBS/JFM

MEMORANDUM AND ORDER

----ooOoo----

        Plaintiff brought this action in California state court alleging: (1) violation of California Labor Code section 230; and (2) termination in violation of public policy. Defendant removed the action to this court based on diversity jurisdiction. Defendant now moves for judgment on the pleadings as to plaintiff's claim under section 230.

I.    <u>Factual and Procedural Background</u>

        Plaintiff Delores Gutierrez was summoned for jury duty on or about September 9, 2002, and plaintiff allegedly gave defendant RWD Technologies, Inc. reasonable notice that she was required to serve. (Cmpl. ¶ 7). According to plaintiff, on or

about October 7, 2002, defendant engaged in actions with the intent of discriminating against plaintiff because of her need to take time off for jury service. (Id. ¶ 6). Plaintiff alleges that defendant's discriminatory conduct resulted in plaintiff's termination on November 7, 2002. (Id.). Plaintiff further alleges that, as a proximate result of defendant's conduct, plaintiff has suffered: (1) loss of wages, salary, and benefits; (2) the intangible loss of employment related opportunities; and (3) humiliation, mental anguish, and emotional and physical distress. (Id. ¶¶ 8-10).

Defendant now moves for judgment on the pleadings as to plaintiff's cause of action under California Labor Code section 230 on the grounds that: (1) plaintiff cannot allege that she has exhausted the administrative procedures required by California Labor Code section 98.7; and (2) plaintiff's claim under section 230 is time-barred.

II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Generally, district courts have been unwilling to grant a Rule 12(c) dismissal 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984) (quoting C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 1368 at 690 (1969)).

The same standard applies to motions made under Rule

2

12(c) as applies to motions made under Rule 12(b)(6). See 2 James Wm. Moore et al. Moore's Federal Practice § 12.38 (3d ed. 2002). Therefore, on a motion for judgment on the pleadings, the factual allegations of the non-moving party are taken as true. Doleman, 727 F.2d at 1482 (citing Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967)). "Courts dismiss complaints under Rule 12(c) for either of two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory." Young v. Car Rental Claims, Inc., 225 F. Supp. 2d 1149, 1153 (D. Haw. 2003).

California Labor Code section 230(a) provides that "[a]n employer may not discharge or in any manner discriminate against an employee for taking time off to serve as required by law on an inquest jury or trial jury, if the employee, prior to taking the time off, gives reasonable notice to the employer that he or she is required to serve."[1] Section 230 further provides, in pertinent part, that "[a]ny employee who is discharged . . . by his or her employer because the employee has exercised his or her rights as set forth in subdivision (a) . . . may file a complaint with the Division of Labor Standards Enforcement of the Department of Industrial Relations pursuant to Section 98.7." Cal. Lab. Code § 230(f)(1).

The question of whether a plaintiff must exhaust the administrative remedies available under section 98.7 before pursuing a civil claim under section 230 appears to be one of

---

[1] Labor Code section 230(e) provides remedies for violations of section 230(a), including "reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

3

first impression.[2]  In California, it is well-settled that "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."  <u>Abelleira v. Dist. Ct. of Appeal</u>, 17 Cal. 2d 280, 292 (1941); <u>cf.</u> <u>Palmer v. Regents of Univ. of Cal.</u>, 107 Cal. App. 4th 899, 904 (2003) ("When a statute such as FEHA [Fair Employment and Housing Act] provides an administrative process for resolution of grievances, exhaustion of those administrative remedies is a precondition to bringing a civil suit on a statutory cause of action . . . .").

However, section 98.7 includes a provision stating that "[t]he rights and remedies provided by this section do not preclude an employee from pursuing other rights and remedies under any other law."  Cal. Lab. Code § 98.7(f).  Plaintiff contends that this provision demonstrates that employees may bring civil suits to enforce their rights in lieu of utilizing the administrative remedies provided in section 98.7.  Thus, the

---

[2]    In <u>Leibert v. Transworld Sys., Inc.</u>, 32 Cal. App. 4th 1693 (1995), the court, addressing Labor Code sections 1101, 1102, and 1102.1 (which was later incorporated into FEHA), stated that it was "not called upon to decide whether exhaustion of the Labor Code administrative remedies is in fact a precondition to bringing a direct statutory cause of action."  <u>Id.</u> at 1704 (holding that a plaintiff is not required to exhaust administrative remedies under the Labor Code before bringing a non-statutory cause of action).  In a later case, <u>Murray v. Oceanside Unified Sch. Dist.</u>, 79 Cal. App. 4th 1338 (2000), a California appellate court, addressing Labor Code section 1102.1, stated that <u>Leibert</u> "imposes no requirement that [plaintiff] have proceeded through the Labor Code administrative procedures in order to pursue her statutory or nonstatutory claims."  <u>Murray</u>, 79 Cal. App. 4th at 1359.  However, as the <u>Murray</u> court pointed out, sections 1101, 1102, and 1102.1 are silent on the issue of administrative remedies.  <u>See id.</u>  Section 230, by contrast, explicitly refers to the administrative remedies set forth in section 98.7.

4

court must determine whether this statutory language requires a departure from the general rule that exhaustion of administrative remedies is required when a statute provides such a remedy.

"'The statute's plain meaning controls the court's interpretation unless its words are ambiguous.'" White v. Ultramar, Inc., 21 Cal. 4th 563, 572 (1999) (quoting Kobzoff v. Los Angeles County/UCLA Med. Ctr., 19 Cal. 4th 851, 861 (1998)). Section 98.7 itself does not create any substantive rights. Rather, it sets forth the procedure by which employees may seek redress for violations of rights created by other, substantive, provisions of the Labor Code. See, e.g., Cal. Lab. Code § 98.7(a) ("Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division . . . ."). Section 98.7 is silent on the issue of whether exhaustion of administrative remedies is required before civil suits may be brought based on the substantive sections of the Labor Code for which section 98.7 provides administrative remedies.

Because the plain language of section 98.7 is silent as to exhaustion, the court must look to other sources to determine the proper interpretation of this section. See Torres v. Parkhouse Tire Serv., Inc., 26 Cal. 4th 995, 1003 (2001) ("[I]f the statutory language permits more than one reasonable interpretation, courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute."); see also Friends of Westhaven &

Trinidad v. County of Humboldt, 107 Cal. App. 4th 878, 884 (2003) (stating that when a statute is ambiguous the court "select[s] the construction that comports most closely with the apparent intent of the Legislature . . .") (internal quotation and citation omitted). For the following reasons, the court is persuaded that plaintiff is required to exhaust administrative remedies before bringing a civil suit under section 230.

First, the statutory framework encompassing section 98.7 supports defendant's position that exhaustion is required. Section 98.7 itself seems to contemplate an exhaustion requirement because it includes a provision by which an employee whose complaint before the Labor Commissioner is unsuccessful may subsequently bring a civil action. See Cal. Lab. Code § 98.7(d)(1) ("The complainant may, after notification of the Labor Commissioner's determination to dismiss a complaint, bring an action in an appropriate court . . . .") (emphasis added).

Moreover, where the California legislature intended for an employee to be able to immediately file a civil suit under a provision of the Labor Code as an alternative to utilizing the administrative procedures set forth in section 98.7, it so indicated in explicit terms. For example, another substantive provision of the Labor Code that incorporates section 98.7 explicitly provides that a plaintiff may bring a civil suit as an alternative to going through administrative procedures. See Cal. Lab. Code § 233(e) (providing that when an employee files a complaint, "the Labor Commissioner shall enforce the provisions of this section in accordance with . . . but not limited to, Sections 92, 96.7, 98, and 98.1 to 98.8, inclusive" and further

providing that "[a]lternatively, an employee may bring a civil action for the remedies provided by this section") (emphasis added). Section 230 does not contain any similarly explicit language, indicating that the California legislature did not intend for employees seeking redress under that section to have the option of filing a civil suit without first going through the provided administrative procedures. Cf. Louise Gardens of Encino Homeowners' Ass'n, Inc. v. Truck Ins. Exch., Inc., 82 Cal. App. 4th 648, 657 (2000) ("When one part of a statute contains a term or provision, the omission of a term or provision from another part of the statute indicates that the Legislature intended to convey a different meaning.").

Accordingly, it appears that the language in section 98.7(f) to the effect that section 98.7 does not preclude employees from pursuing remedies under any other law merely restates the general California rule that plaintiffs are not precluded from bringing civil actions based on California statutes after they have exhausted available administrative remedies. Section 98.7(f) should not be read, as plaintiff suggests, to allow employees to immediately file civil suits based on the provisions of the Labor Code in lieu of first pursuing the provided administrative remedies when the substantive Labor Code provision at issue, here section 230, does not explicitly authorize a direct civil suit as an alternative to the use of administrative procedures.[3]

---

[3] Plaintiff contends that "as with wage and hour claims under the California Labor Code, an individual may maintain a civil action to enforce his or her rights in lieu of the

Second, requiring an employee to exhaust the administrative remedies available under section 98.7 before pursuing a statutory claim under section 230 in a civil suit also furthers the public policies underlying the administrative exhaustion requirement by allowing the administrative agency, in this case the Division of Labor Standards Enforcement, to apply its expertise in the area of violations of the Labor Code.  See Rojo v. Kliger, 52 Cal. 3d 65, 86 (1990) ("[E]xhaustion of administrative remedies furthers a number of societal and governmental interests, including: (1) bolstering administrative autonomy; (2) permitting the agency to resolve factual disputes, apply its expertise and exercise statutorily delegated remedies; (3) mitigating damages; and (4) promoting judicial economy.").

At the hearing on this motion, counsel for plaintiff argued that exhaustion is not required here because the statute

---

administrative remedies provided by the Labor Code."  The relevance of the sections of the Labor Code plaintiff cites in support of this proposition is dubious.  First, these sections, unlike section 230, do not incorporate section 98.7.  Second, these sections, again unlike section 230, explicitly provide certain parties with the ability to bring civil actions.  See Cal. Lab. Code § 218 ("Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under the article."); Cal. Lab. Code § 229 ("Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to existence of any private agreement to arbitrate."); Cal. Lab. Code § 1194(a) ("Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation . . . .").  These provisions bolster the conclusion that, where the California legislature intended the option of a direct civil suit to be available to redress violations of provisions of the Labor Code, it expressly indicated that intent.

at issue, unlike FEHA, does not contain a provision expressly stating that exhaustion of administrative remedies is always required before a civil action may be brought.[4] This argument is unpersuasive in light of: (1) the general rule that exhaustion of administrative remedies is required before a statutory claim can be brought; (2) the statutory framework encompassing section 98.7; and (3) the public policies underlying the exhaustion requirement.

In sum, the court concludes that plaintiff must exhaust the administrative remedies provided in section 98.7 before bringing a civil claim under section 230. Plaintiff has not alleged, nor does she contend that she can allege, that she has exhausted administrative remedies. Accordingly, plaintiff's cause of action under section 230(a) is not properly before the court.[5]

///
///

---

[4] In her opposition, plaintiff appeared to take the position that exhaustion is not required in this case because section 98.7(a) states that an employee "may file" a complaint with the Division of Labor Standards Enforcement. Counsel appeared to retreat from that position at the hearing on the motion. Counsel was wise to abandon the argument because it was not a strong one. FEHA also states that a person "may file" a complaint with the relevant department. Cal. Gov't Code § 12960(b). Despite this use of the word "may" in Government Code section 12960(b), the California courts have consistently held that administrative remedies must be exhausted before a civil claim may be filed under FEHA. See, e.g., Rojo, 52 Cal. 3d at 84; Medix Ambulance Serv., Inc. v. Superior Ct., 97 Cal. App. 4th 109, 116 (2002).

[5] Because the court has determined that plaintiff has not met the exhaustion requirement, it need not address the issue of whether plaintiff's cause of action under section 230(a) is time-barred.

9

IT IS THEREFORE ORDERED that defendant's motion for judgment on the pleadings as to plaintiff's cause of action under California Labor Code section 230 be, and the same hereby is, GRANTED.

DATED: July 3, 2003

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

crf

United States District Court
for the
Eastern District of California
July 3, 2003

* * CERTIFICATE OF SERVICE * *

2:03-cv-00656

Gutierrez

v.

RWD Technologies Inc

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  July 3, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Paul Chan
Biegler Ortiz and Chan
801 K Street
23rd Floor
Sacramento, CA   95814

SH/WBS

Alex Hernaez
Kauff McClain and McGuire
351 California Street
13th Floor
San Francisco, CA   94104


Jack L. Wagner, Clerk

BY: _____
Deputy Clerk

```
                   United States District Court
                             for the
                   Eastern District of California
                          July 24, 2003


                    * * CERTIFICATE OF RE-SERVICE * *


                                        2:03-cv-00656


    Gutierrez

        v.

    RWD Technologies Inc

    _____


I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  July 24, 2003, I RE-SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Paul Chan                              SH/WBS
        Biegler Ortiz and Chan
        801 K Street
        23rd Floor
        Sacramento, CA   95814

        Alex Hernaez
        Kauff McClain and McGuire
        351 California Street
        13th Floor
        San Francisco, CA   94104




                                        Jack L. Wagner, Clerk

                                        BY:   [signature]
                                              Deputy Clerk
```